UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN MADDOX EL,

      Petitioner,                 Case No. 2:22-CV-12811

v.                      UNITED STATES DISTRICT COURT JUDGE
                                GERSHWIN A. DRAIN

38TH DISTRICT COURT,

      Respondent,

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

      Kevin Maddox El, ("Petitioner"), is a pretrial detainee confined at the Macomb County Jail in Mount Clemens, Michigan. On November 18, 2022, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).[1] In his *pro se* application, petitioner challenges his pending prosecution for several drug and firearms offenses in the 38th District Court for Eastpointe, Michigan.  For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

---

[1] Because petitioner's application for a writ of habeas corpus was filed before he was convicted of any crimes, the more appropriate vehicle for petitioner to seek habeas relief is under the traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not under 28 U.S.C. § 2254. *See Klein v. Leis,* 548 F. 3d 425, 430, n. 4 (6th Cir. 2008).

## I.  Background

Petitioner claims that there are pending criminal charges against him in the 38th District Court.  Petitioner's claims are difficult to understand but it appears that he argues that (1) the prosecutor failed to obtain an indictment against him, (2) his speedy trial rights are being violated, (3) a violation of the Fourteenth Amendment, and (4) his bail is excessive.  Petitioner's case is pending in the 38th District Court. He had a preliminary examination scheduled November 22, 2022. (ECF No. 1, PageID. 17).  Petitioner has filed an emergency appeal and an emergency petition for writ of habeas corpus in the Macomb County Circuit Court to challenge the proceedings.  The appeal and petition remain pending in that court. (*Id.*, PageID. 2, 9, 25-32).

## II.  Discussion

The instant petition must be dismissed, because petitioner has yet to be convicted of any criminal charges in this case.   In the absence of "special circumstances," federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).

A state criminal case is therefore ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his or her

2

direct appeals. *Allen v. Attorney General of the State of Maine*, 80 F. 3d 569, 572 (1st Cir. 1996); *See also Hoard v. State of Michigan*, No. 2005 WL 2291000, * 1 (E.D. Mich. Sept. 19, 2005). Although federal courts have jurisdiction to hear pre-trial habeas corpus petitions, a federal court should generally abstain from exercising this jurisdiction to consider a pre-trial habeas petition if the issues raised in the petition are capable of being resolved either by trial in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F. 2d 543, 545-546 (6th Cir. 1981).

Where a habeas petitioner's claims, if successful, would be dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994). The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial. *Id.*

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a state prisoner. One exception to this general rule is a claim that an impending state trial would violate the Double Jeopardy clause of the federal constitution. *See Klein v. Leis,* 548 F. 3d 425, 430, n. 2 (6th Cir. 2008); *Moore*, 875

F. Supp. at 622, n. 2.  Petitioner does not allege that the pending state court charges violate his rights under the Double Jeopardy Clause.

Another exception to this rule would involve a pre-trial habeas petition in which a state prisoner asserted his or her speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner. *See Atkins v. People of the State of Michigan*, 644 F. 2d at 547.  Although an attempt to dismiss an indictment or otherwise prevent a prosecution is normally not attainable by way of pre-trial habeas corpus, an attempt to force the state to go to trial may be made prior to trial, although state court remedies would still have to be exhausted. *Id.*  To the extent that petitioner seeks dismissal of his pending criminal charges, he would not be entitled to habeas relief.

Speedy trial considerations can be a basis for federal pre-trial habeas relief, but only where the petitioner is seeking to force the state to bring him to trial; they are not a basis for dismissing a pending state criminal charge outright. *Atkins,* 644 F. 2d at 547; *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 986-987 (E.D. Wis. 1999).  To the extent that petitioner is seeking to dismiss this pending state criminal case outright, he would not be entitled to habeas relief because the Court has no authority to do so. *Hirsch,* 66 F. Supp. 2d at 987.

When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him on speedy trial grounds, his habeas action must

4

await the conclusion of state proceedings. *See In Re Justices of Superior Court Dept. of Massachusetts Trial Court,* 218 F. 3d 11, 18, n. 5 (1st Cir. 2000) (internal citations omitted).

Secondly, to the extent that petitioner is seeking to compel the state court to bring him to trial, petitioner does not allege that he has exhausted his state court remedies with respect to any pending criminal charges. A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994).

Any pre-trial habeas petition is premature because petitioner has failed to allege that he has exhausted his state court remedies with respect to any pending criminal charges.  The habeas corpus statute for pre-trial situations requires the exhaustion of state court remedies. *See Dickerson v. State of La.,* 816 F. 2d 220, 225 (5th Cir. 1987); *See also Dillon v. Hutchinson,* 82 F. App'x. 459, 461-62 (6th Cir. 2003)(pre-trial habeas petitioner not entitled to habeas relief when he failed to exhaust his Interstate Detainer Act (IAD) claim with the state courts); *Schofs v. Warden, FCI, Lexington*, 509 F. Supp. 78, 82 (E.D. Ky. 1981)(where a habeas petitioner has not properly exhausted his state judicial remedies with respect to his motion to dismiss state charges underlying a detainer against him, the district court would refrain from considering the merits of petitioner's claims concerning those charges).

Petitioner would not be entitled to a writ of habeas corpus with respect to any pending criminal charges because he has not exhausted his state court remedies with respect to any such pre-trial habeas petition. *Dickerson,* 816 F. 2d at 228. Because there is no indication that petitioner raised his speedy trial claims with the Michigan appellate courts, his claims are unexhausted. *Compare Atkins*, 644 F. 2d at 548.

Finally, it is proper to raise in a prejudgment habeas petition a claim that the right to bail pending trial was violated, provided the petitioner has successfully exhausted his state court remedies. *See Atkins v. People of the State of Michigan*, 644 F. 2d at 549-50. In this case, petitioner is not entitled to consideration of his excessive bail claim, because there is no indication that he has exhausted his state court remedies with respect to that claim.

To the extent that plaintiff requests injunctive relief from pending criminal charges, the Court will abstain from enjoining a pending state court prosecution.

In *Younger v. Harris,* 401 U.S. 37, 45 (1971), the United States Supreme Court held that federal courts should not enjoin pending state criminal proceedings except in a "very unusual circumstance" where an injunction is necessary to prevent "both great and immediate" irreparable injury. The cost, anxiety, and inconvenience of a defendant having to defend against a single criminal prosecution cannot be considered by themselves to constitute irreparable injury. Instead, the threat to a state criminal defendant's federally protected rights must be one that "cannot be

eliminated by his defense against a single criminal prosecution." *Id.* at 46. Moreover, "[t]he existence of a 'chilling effect', even in the area of First Amendment rights, had never been considered a sufficient basis, in and of itself, for prohibiting state action." *Younger,* 401 U.S. at 46.   The holding in *Younger* was based on principles of equity and upon the "more vital consideration" of the principles of comity and federalism. *Younger,* 401 U.S. at 44.   Thus, in cases in which a criminal defendant is seeking to enjoin ongoing state court proceedings, whether they be criminal, civil, or administrative, federal courts should not exercise jurisdiction, but should normally dismiss the case in its entirety. *Kish v. Michigan State Bd. of Law Examiners,* 999 F. Supp. 958, 965 (E.D. Mich. 1998)(internal citations omitted).

A federal court should employ three factors to determine whether the *Younger* abstention doctrine should apply:

> 1. there must be pending or ongoing state judicial proceedings;
> 2. these proceedings must implicate important state interests; and,
> 3. there must be an adequate opportunity in the state proceedings to raise constitutional challenges.

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *GTE Mobilnet of Ohio v. Johnson*, 111 F.3d 469, 481 (6th Cir. 1997).

Applying the above test, the Court concludes that it would be appropriate to abstain from issuing injunctive relief with respect to the criminal charges pending against plaintiff.  Moreover, if plaintiff were to be convicted, plaintiff would still be

required to exhaust his available state court appellate remedies with the Michigan Court of Appeals and the Michigan Supreme Court prior to seeking federal relief.

For purposes of *Younger,* a state's trial and appeals process is "treated as a unitary system" and a party may not obtain federal intervention "by terminating the state judicial process prematurely" by foregoing state appeals to attack the trial court's judgment in federal court. *New Orleans Public Service, Inc. v. Council of the City of New Orleans,* 491 U.S. 350, 369 (1989).  A necessary prerequisite of the *Younger* doctrine is that a party [prior to contesting the judgment of a state judicial tribunal in federal court] must exhaust his or her state appellate remedies before seeking relief in the district court. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608 (1975).

For purposes of the first requirement of the *Younger* doctrine, a state criminal prosecution will be considered to be pending in the state courts if at the time of the filing of the federal complaint, not all of the state appellate remedies have been exhausted. *See Tesmer v. Granholm,* 114 F. Supp. 2d 603, 612 (E.D. Mich. 2000)(*quoting Mounkes v. Conklin,* 922 F. Supp. 1501, 1511 (D. Kan. 1996)).

Next, with respect to any ongoing criminal case, "there is no question that the ongoing prosecution implicates important state interests." *Davis v. Lansing*, 851 F. 2d 72, 76 (2nd Cir. 1988); *See also Hansel v. Town Court for Town of Springield, N.Y.,* 56 F. 3d 391, 393 (2nd Cir. 1995)("it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one").

8

Finally, with respect to the third factor, plaintiff would have an opportunity to challenge the constitutionality of any pending criminal charges or any convictions in the state courts.  Federal courts must presume that the state courts are able to protect the interests of a federal plaintiff. *See Kelm v. Hyatt,* 44 F.3d 415, 420 (6th Cir. 1995).  Accordingly, the Court denies any request by petitioner to enjoin his pending prosecution.

The Court denies the habeas petition without requiring respondent to answer, because it appears from the application that petitioner is not entitled to habeas relief. *See Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 862 (E.D. Wis. 1999)(citing to 28 U.S.C. § 2243).

### III. Conclusion

The Court will dismiss the petition for writ of habeas corpus without prejudice.  The Court will also deny a certificate of appealability to petitioner.

28 U.S.C. § 2253 governs appeals in habeas corpus proceedings.  Whether petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he or she must obtain a certificate of appealability before appealing this Court's denial of his or her habeas petition. *See* § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F. 3d 369, 372 (6th Cir. 2001) (a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); *Stringer v. Williams*, 161 F. 3d 259, 262 (5th Cir. 1998) (pre-trial detainee

9

who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth*., 105 F. 3d 1063, 1073 (6th 1997).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right.  Jurists of reason would not find this Court's resolution of petitioner's claims to be debatable or that they should receive encouragement to proceed further. *See Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).  Jurists of reason would not find debatable this Court's determination that petitioner had failed to exhaust his state court remedies before filing his pre-trial habeas petition. *See Fuller v. Kansas,* 324 F App'x. 713, 717 (10th Cir. 2009).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v.*

*Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(*citing United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)).   Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).   "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.   Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V.  <u>ORDER</u>

Based upon the foregoing, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** That a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

Dated:  January 27, 2023                         /s/Gershwin A. Drain
                                                 GERSHWIN A. DRAIN
                                                 United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 27, 2023, by electronic and/or ordinary mail.

/s/ Teresa McGovern

Deputy Clerk